UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNDER SEAL**

ILLINOIS INDUSTRIAL TOOL, INC.,
d/b/a JMK-IIT, INC.,


        Plaintiff,
v.                              Case No.  8:11-cv-1385-T-33TGW

INTERNATIONAL TRADING AND TOOL,
INC., d/b/a BEST TOOLS and HYON
KWANG PARK a/k/a CHARLES PARK,
Individually,


        Defendants.
_____/


**TEMPORARY RESTRAINING ORDER, SEIZURE ORDER, ORDER TO
SHOW CAUSE, SUBSTITUTE CUSTODIAN ORDER, EXPEDITED
DISCOVERY ORDER, AND ORDER TO SEAL**

     This matter is before the Court pursuant to Plaintiff's

June 22, 2011, Sealed Emergency *Ex Parte* Application for a

Temporary Restraining Order and Seizure Order; for an Order to

Show Cause Why a Preliminary Injunction Should Not Issue; for

a Substitute Custodian Order; and for Expedited Discovery.

(Doc. # 5). Based upon review of the complaint, memorandum of

points and authorities, Declaration of Eric J. Kolbinsky, all

other pleadings and proceedings heretofore had herein, and

good cause being shown, the Court grants the Motion.

## I.   <u>FACTUAL BACKGROUND</u>

IIT is a corporation duly organized under the laws of the State of Illinois with its principal place of business in Bridgeview, Illinois.  *See* Compl. ¶ 3.   IIT has been manufacturing and marketing a wide range of high quality products, including tools, accessories and hardware, which have been sold throughout the United States since at least 1994.  *See* Declaration of Michael Stengel ("Stengel Dec.") ¶ 6.   IIT is, and at all times relevant hereto has been, the owner of all rights in and to the following federally registered trademarks:

| Mark | Reg. No. | Reg. Date |
|------|----------|-----------|
| IIT | 3,590,873 | March 17, 2009 |
| Illinois Industrial Tool | 3,605,472 | April 14, 2009 |

which are registered in International Classes 6, 7, 8, 9, 17 and 22 and are used in connection with the manufacture and distribution of clamps, hoses, wrenches, saw blades and power tool accessories (the "IIT Marks").  *See* Stengel Aff., ¶¶ 5-7, Exhibit 2).

Defendants have advertised, promoted, offered for sale and/or distributed hand tools, power tool accessories and related products bearing counterfeits, reproduction and or colorable imitations of the IIT Marks.  *See* Stengel Decl. ¶¶

-2-

15-16, Declaration of Eric Kolbinksy ("Kolbinsky Decl.") ¶¶ 8-10. Defendants do not have, nor have they ever had the right or authority to use the IIT Marks for any purpose. *See* Stengel Decl. ¶ 14.

In June 2011, Plaintiff retained Andrews International to investigate suspected sales of counterfeit IIT products by the Defendants. *See* Stengel Decl. ¶ 16, Kolbinsky Decl. ¶ 3. Investigator Kolbinsky purchased 14 separate products from Defendants at their wholesale outlet at 9555 County Road 733, Webster, Florida. *See* Kolbinsky Decl. 10. A review of the products by the investigator and an IIT employee verified that each of the 14 products is packaged utilizing very similar product trade dress, and that 8 of those 14 products bear one or both of the IIT Marks on the packaging, representing a direct counterfeiting of the marks. *See* Stengel Decl. ¶¶ 14-15; Kolbinsky Decl. ¶ 10.

## II. <u>CONCLUSIONS OF LAW</u>

This Court makes the following findings, pursuant to 15 U.S.C. § 1116(d)(4)(B):

(1)  an order other than an ex parte seizure order is not adequate to achieve the purpose of Section 32 of 15 U.S.C. § 1114;

(2)   the applicant has not publicized the requested seizure because this file is under seal;

(3)   the applicant is likely to succeed in showing that the person against whom seizure would be ordered used a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services;

(4)   an immediate and irreparable injury will occur if such seizure is not ordered;

(5)   the matter to be seized will be located at the place identified in the application;

(6)   the harm to the applicant of denying the applicant outweighs the harm to the legitimate interests of the person against whom seizure would be ordered of granting the application; and

(7)   the person against whom seizure would be ordered, or persons acting in concert with such persons, would destroy, move, hide, or otherwise make such matter inaccessible to the Court, if the applicant were to proceed on notice to such person.

### III. __TEMPORARY RESTRAINING ORDER and SUBSTITUTE CUSTODIAN ORDER__

IT IS ORDERED that pending hearing and determination of this application, Defendants, their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them, be and hereby are temporarily restrained from advertising, promoting, selling and/or distributing Infringing Goods bearing any or all of the Trademarks.

IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon Plaintiff's advancing to the law enforcement officers such sum as is required by same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district.

IT IS FURTHER ORDERED that service of a copy of this order together with the complaint upon which it is based, be made upon Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient.

IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Infringing Goods is seized and that Plaintiff's local counsel, David Luikart, shall be deemed **substitute custodian** for all Infringing Goods seized.

IT IS FURTHER ORDERED that each and every Defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, videotape or otherwise identify Defendants.

IT IS FURTHER ORDERED that Defendants' responsive papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel on or before **July 1, 2011.** Plaintiff is to provide copies of all other filed pleadings at the request of any identified Defendant.

IT IS FURTHER ORDERED that any Defendant who is hereafter served with a copy of this Order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall

serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

### IV.   **SEIZURE ORDER**

IT APPEARING TO THE COURT that Defendants engaged in the advertisement, promotion, sale and/or distribution of the Infringing Goods bearing any or all of the Trademarks as set forth in Plaintiff's complaint and declarations, and will continue to carry out such acts unless restrained by order of the Court;

AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can be heard in opposition to the granting of the temporary restraining order, in that Defendants are preparing to advertise, promote, sell and/or distribute Infringing Goods as set forth in Plaintiff's complaint, and that unless Defendants are enjoined from said advertisement, promotion, sale and/or distribution, Plaintiff will suffer immediate and irreparable injury and harm in the form of loss of income, lessening and dilution of the value of the Trademarks, confusion in the marketplace as to the duly authorized source of merchandise depicting the Trademarks, and

impairment of the good will Plaintiff has in the said Trademarks;

AND IT IS ORDERED that pursuant to 15 U.S.C. § 1116(a), the United States Marshal for this District or any district in which Plaintiff enforces this order, the state police, local police or local deputy sheriffs, off-duty officers of the same, and any person acting under their supervision, are hereby authorized to seize and impound on **MONDAY JUNE 27, 2011, but in any event no later than seven days after the issuance of this Order**:

(a) any and all Infringing Goods bearing any or all of the Trademarks that Defendants attempt to sell or are holding for sale, including any from any carton, container, vehicle or other means of carriage in which the Infringing Goods is found;

(b) all documents, things and records of any kind relating to the importation, purchase, acquisition, manufacture, insurance of, advertising, promotion, sale, offering for sale, distribution and transfer of such products, including but not limited to computer disks, CD-ROMs, computer hardware and

other magnetically or electronically stored information; and

(c) all manufacturing or packing equipment, molds, matrices, computers, computer software and any other means of making same, including but not limited to machinery designed for the purpose of making or packaging counterfeit products sold under the Trademarks or any part of the foregoing.

Plaintiff through its counsel, investigators and other representatives is authorized under the supervision and with the assistance of the United States Marshals or other federal, state or local law enforcement officers to take all necessary steps to secure and remove all property and documents identified above that is located at the following addresses:

International Tool and Trading, Inc.
30412 Commerce Drive
San Antonio, FL 33576

International Tool and Trading
9555 County Road 733
Webster, FL 33597

including any other warehouse, storage facilities and offices where Defendants are warehousing, holding or storing counterfeit products bearing the Trademarks, including

breaking open, entering and searching for said property and placing it with an appropriate storage facility.

Only the property listed in this Order shall be seized and impounded, and due care shall be taken by the United States Marshals or other law enforcement officers, their appointed assistants and Plaintiff's representatives to preserve and keep in good order Defendants' property and assets that are not related to the manufacture, packaging, importation, sale or distribution of the alleged Infringing Goods referred to above. Plaintiff and or its designees shall videotape and take photographs and notes of the seizure

AND IT IS FURTHER ORDERED that this Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, credit card payment or cash in the amount of **$10,000.00** no later than **Friday, June 24, 2011**, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby.

A seizure hearing under 15 U.S.C. § 1116(d)(10) shall take place not sooner than ten days after this order is issued and not later than 15 days after this order is issued, namely

-10-

before the Honorable Thomas G. Wilson, United States Magistrate Judge, in Courtroom 12A of the United States District Court for the Middle District of Florida, Tampa Division, located at the Sam M. Gibbons United States District Courthouse, 801 North Florida Avenue, Tampa, Florida on **July 8, 2011, at 2:00 p.m.**, unless Plaintiff shows good cause for another date, or unless Defendants consent to another date.

   V.   **ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE**

Defendants International Trading and Tool, Inc., d/b/a Best Tools, and Hyon Kwang Park a/k/a Charles Park ("Defendants"), are directed to show cause before the Honorable Thomas G. Wilson, United States Magistrate Judge, in Courtroom 12A of the United States District Court for the Middle District of Florida, Tampa Division, located at the Sam M. Gibbons United States District Courthouse, 801 North Florida Avenue, Tampa, Florida on **July 8, 2011, at 2:00 p.m.**, why an order pursuant to Fed. R. Civ. P. Rule 65, the Lanham Act (15 U.S.C. § 1051 *et seq.*) and Local Rules 3.01(e) and 4.05, should not be entered granting to Plaintiff, Illinois Industrial Tool, Inc., d/b/a JMK-IIT, Inc., a preliminary injunction to enjoin Defendants from advertising, promoting,

distributing, selling or holding for sale any hand tools, power tool accessories, hardware and/or related products bearing counterfeits, reproductions and/or colorable imitations of federally registered trademarks or trade dress of IIT.

### VI.   **EXPEDITED DISCOVERY**

The Court grants Plaintiff authorization to immediately propound requests for production of documents and interrogatories, and the Defendants are hereby required to serve responses within three days of service of Plaintiff's requests.  Additionally, Plaintiff is authorized to conduct the deposition of Hyon Kwang Park a/k/a Charles Park, and the corporate representative of International Trading and Tool, Inc., within two days of receiving Defendants' responses to the discovery requests.  Defendants are hereby ordered to have the appropriate representative(s) appear for deposition at the date and time noticed by Plaintiff.

### VII.  **SEAL ORDER**

This file is presently under seal and shall remain under seal until an Order of this Court unseals the file.

-12-

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this
<u>24th</u> day of June, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: Counsel for Plaintiff

-13-